**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

January 28, 2022

LETTER TO COUNSEL:

      RE:    *Sherry B. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
              Civil No. TJS-20-3277

Dear Counsel:

      On November 12, 2020, Plaintiff Sherry B. petitioned this Court to review the Social Security Administration's final decision to deny her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 12 & 15. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

      Sherry B. filed her applications for DIB and SSI in February 2018. Tr. 17. She alleged a disability onset date of December 22, 2017. *Id.* Her applications were denied initially and upon reconsideration. *Id.* Sherry B. requested an administrative hearing, and a hearing was held on November 13, 2019, before an Administrative Law Judge ("ALJ"). Tr. 36-73. In a written decision dated January 21, 2020, the ALJ found that Sherry B. was not disabled under the Social Security Act. Tr. 14-35. The Appeals Council denied Sherry B.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

      The ALJ evaluated Sherry B.'s claims for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. At step one, the ALJ found that Sherry B. had not engaged in substantial gainful activity since December 22, 2017, the alleged onset date. Tr. 19. At step two, the ALJ found that Sherry B. suffered from the following severe impairments: rheumatoid arthritis, osteoarthritis, degenerative disc disease, hypertension, anxiety, depression, and attention deficit hyperactivity disorder. Tr. 20. At step three, the ALJ found Sherry B.'s impairments, separately and in combination, failed to meet or equal in severity any listed

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On December 31, 2021, it was reassigned to me.

impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 20-23. The ALJ determined that Sherry B. retained the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl but never climb ladders, ropes, and scaffolds. The claimant can never be exposed to hazards, such as dangerous moving machinery and unprotected heights. The claimant can understand, remember, and carry-out simple instructions and make simple work related decisions. The claimant can sustain an ordinary routine without special supervision. The claimant can work at a consistent pace throughout the workday but not at a production rate pace, such as on an assembly line or work involving monthly or hourly quotas. The claimant can tolerate occasional interaction with co-workers and supervisors and the public. The claimant can tolerate occasional changes in the work setting.

Tr. 23.

At step four, the ALJ determined that Sherry B. had no past relevant work. Tr. 29. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Sherry B. can perform, including cafeteria attendant, cleaner, mail clerk, sorter, final assembler, and table worker. Tr. 29-30. Accordingly, the ALJ found that Sherry B. was not disabled under the Social Security Act. Tr. 30.

Sherry B. argues that this case must be remanded for further proceedings because (1) the ALJ did not provide a narrative discussion that explained how the evidence supported the ALJ's conclusions; (2) the ALJ did not perform a function-by-function assessment of her work-related abilities; (3) the ALJ did not explain how, despite her moderate limitation in concentrating, persisting, or maintaining pace, she would be able to remain on task for 85% of an eight-hour workday; and (4) the ALJ did not properly evaluate her subjective complaints. ECF No. 12-1 at 3-21. For the reasons discussed below, however, these arguments are unavailing.

Sherry B. first argues that the ALJ failed to provide a narrative discussion stating how the evidence of record supported each conclusion and that the ALJ failed to perform a function-by-function assessment of her work-related abilities. ECF No. 12-1 at 12-17. Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion." SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion.").

The ALJ's decision contains a detailed discussion of the evidence of record, including Sherry B.'s subjective reports of her condition over time, her reported daily activities, treatment notes containing observations of her condition over time, and medical opinions. Tr. 24-29. In addition to summarizing the evidence and explaining the weight that the ALJ assigned to it, the ALJ also explained how the evidence translated into the ALJ's RFC determination. Tr. 28-29. Contrary to Sherry B.'s argument, the ALJ's explanation is sufficient for this Court to conduct its review. Because the ALJ explained how she weighed and considered the evidence, and because substantial evidence supports the ALJ's findings, Sherry B.'s arguments on these points are without merit.

Sherry B. further contends that the ALJ failed to evaluate evidence of her infusions, medications, arthritis flares, and testimony about her spending days in bed. ECF No. 12-1 at 17-18. An ALJ need not mention every piece of evidence, however, so long as she builds a logical bridge from the evidence to her conclusion. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014). Sherry B. also argues that the ALJ erred in finding that her normal gait and negative straight-leg-raising test on examination did not support a state agency physician's opinion that she was limited to standing for no more than two hours in an eight-hour workday. ECF No. 12-1 at 18-19. The ALJ, however, adequately addressed why she did not accept the state agency physician's opinion in this regard. *See Crowder v. Saul*, No. 7:19CV00007, 2020 WL 7213484, at *7 (W.D. Va. Feb. 20, 2020) (finding that, because examination of claimant revealed, among other things, negative straight-leg-raising tests and normal gait, ALJ adequately addressed why ALJ did not accept consultative examining physician's opinion that claimant could stand, walk and sit no more than two hours each in an eight-hour workday with breaks). Remand on these bases is thus not warranted.

Sherry B. next maintains that the ALJ failed to explain how, despite her moderate limitation in concentrating, persisting, maintaining pace, she would be productive or remain on task for 85% of an eight-workday. ECF 12-1 at 19-21. As part of the step three analysis, the ALJ found that Sherry B. had a moderate limitation in her ability to concentrate, persist, or maintain pace. Tr. 22. The VE testified that an individual off task more than 15% of the workday would be terminated from work. Tr. 68. The ALJ, however, did not ultimately include such a limitation in Sherry B.'s RFC. Thus, Sherry B.'s "argument is factually flawed—the ALJ did not find that [she] would be off task for fifteen percent or more during an eight-hour workday." *Brian S. v. Saul*, No. 3:20CV065 (JAG), 2021 WL 748087, at *13 (E.D. Va. Feb. 10, 2021), *report and recommendation adopted*, No. 3:20CV65, 2021 WL 744149 (E.D. Va. Feb. 25, 2021). "Indeed, the 'ALJ is not required to accept the vocational expert's opinion for a hypothetical based on limitations that the ALJ did not include in the [residual functional capacity].'" *Id.* (alteration in original) (quoting *Prim v. Colvin*, No. 7:14CV00135, 2015 WL 4757104, at *4 (W.D. Va. Aug. 11, 2015)); *see Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Instead, the ALJ found that Sherry B. "can work at a consistent pace throughout the workday but not at a production rate pace, such as on an assembly line or work involving monthly or hourly quotas" (Tr. 23), which accounts for her moderate limitation in concentrating, persisting, or maintaining pace. *See Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at *2 (D. Md. Sept. 15, 2021) (Gallagher, J.). "Accordingly, the ALJ did not err by failing to explain how [Sherry B.] possessed the ability to concentrate, persist, and maintain pace throughout an eight-hour workday with only a fifteen percent loss of productivity, because the ALJ did not make such a finding." *Brian S.*, 2021 WL 748087, at *13.

Last, Sherry B. argues that the ALJ did not properly evaluate her subjective complaints. ECF No. 12-1 at 3-10. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, ALJs must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* Claimants are entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ's written decision presents a detailed statement of Sherry B.'s subjective complaints. The ALJ first found that Sherry B.'s severe impairments could reasonably be expected to produce her alleged symptoms. Tr. 24. The ALJ then proceeded to consider Sherry B.'s allegations in concert with the other evidence in the record, including Sherry B.'s statements about her symptoms over time, the extent of her daily activities, her work history, and the objective evidence in the record. Tr. 24-28. In considering the totality of the evidence, the ALJ explained her finding that Sherry B.'s statements about the severity of her symptoms could not be completely reconciled with other persuasive evidence. *Id.* Weighing all of the evidence, the ALJ found that Sherry B.'s impairments are not disabling and that she can perform work with the limitations contained in the RFC. Substantial evidence supports the ALJ's decision in this regard. *See Jai P. v. Saul*, Civil No. TJS-19-3371, 2021 WL 424469, at *2 (D. Md. Feb. 8, 2021) ("Had the ALJ relied exclusively on a lack of objective evidence, the analysis would be flawed. Here, however, the ALJ considered the inconsistency of [the claimant's] alleged symptoms with objective evidence as just one component of the assessment. . . . Because the ALJ did not rely exclusively on objective evidence in assessing the severity of [the claimant's] symptoms, this argument is without merit." (citation omitted)).

Sherry B.'s disagreement with the ALJ's consideration of the evidence essentially amounts to an argument that the Court should evaluate the evidence in the record de novo. But the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The

ALJ's decision complies with the governing legal standards and is supported by substantial evidence. Accordingly, Sherry B.'s argument to the contrary is unavailing.

For the reasons set forth above, Sherry B.'s Motion for Summary Judgment (ECF No. 12) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 15) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Timothy J. Sullivan
United States Magistrate Judge